UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JEFFERY HAMM,

              Plaintiff,                          **MEMORANDUM AND ORDER**
                                                                19-CV-7244 (RRM) (LB)
  -against-

NYPD,

              Defendant.
----------------------------------------------------------------x
ROSLYNN R. MAUSKOPF, Chief United States District Judge:

      Plaintiff Jeffery Hamm, who was an inmate in Rikers Island at the time he commenced this action, brings this *pro se* action against the NYPD – presumably, the New York City Police Department – pursuant to 42 U.S.C. § 1983.[1]  Hamm's application to proceed *in forma pauperis* is granted.  His motion for appointment of counsel is denied without prejudice.  For the reasons discussed below, the complaint is dismissed and Hamm is granted 30 days from the date of this Memorandum and Order in which to file an amended complaint.

## BACKGROUND

      Hamm's pleading consists of a five-page form Civil Right Complaint, which Hamm has completed by hand.  On page four, the form prompts the user to provide a "Statement of Claim," and instructs:

> State briefly and concisely, the facts of your case.  Include the date(s) of the event(s) alleged as well as the location where the events occurred.  Include the names of each defendant and state how each person named was involved in the event you are claiming violated your rights.

In response to that prompt, Hamm has written only the following:

> I have continually been harassed by NYPD.  They have arrested me 189 times over a period of 30 yrs most recently 2012-2014 for

---

[1] Plaintiff has since been released.

> petty misdemeanors (ie) po[s]session of marijuana etc.   Then set astronomical bails.   Then I was a victim of the plea bargain system.

(Compl. at 4.)   Hamm alleges that he suffers from "PTSD, severe chronic depression, anxiety disorder, [and] attention deficit disorder" as a result of the as a result of the NYPD's actions, (*id.*), and seeks "monetary relief," (*id.* at 5).

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(a), a court is required to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."   On such review, the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint … fails to state a claim upon which relief may be granted …."   28 U.S.C. § 1915A(b).   Similarly, 28 U.S.C. § 1915(e)(2)(B) provides, in pertinent part:   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss [a] case at any time if the court determines that … (B) the action … (ii) fails to state a claim on which relief may be granted …."

In order to state a claim on which relief may be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   A plaintiff must "provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery."   *Knowles v. Namdor Inc.*, No. 13-CV-3746, (KAM), 2013 WL 5887039, at *2 (E.D.N.Y. Oct. 31, 2013).

In reviewing the complaint in this case, the Court is mindful that "[a] document filed *pro se* is to be liberally construed, … and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). "[A] *pro se* complaint … should not [be] dismiss[ed] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)) (alterations in *Shomo*).

## DISCUSSION

"To state a claim under § 1983, a plaintiff must allege two elements: (1) 'the violation of a right secured by the Constitution and laws of the United States,' and (2) 'the alleged deprivation was committed by a person acting under color of state law.'" *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (quoting *Feingold v. New York*, 366 F.3d 138, 159 (2d Cir. 2004)). In addition, "[i]t is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)). "[P]ersonal involvement for these purposes … mean[s] direct participation, or failure to remedy the alleged wrong after learning of it, or creation of a policy or custom under which unconstitutional practices occurred, or gross negligence in managing subordinates." *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996).

"Under § 1983, local governments are responsible only for 'their own illegal acts.'" *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)). They can only be held liable "if the deprivation of the plaintiff's rights under

3

federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978)). Accordingly, "[i]n order to state a claim for municipal liability … , a plaintiff must allege that 'the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipality's] officers.'" *Ceparano v. Suffolk Cnty. Dep't of Health*, 485 F. App'x 505, 508 (2d Cir. 2012) (unpublished op.) (quoting *Monell*, 436 U.S. at 690). "The inference that … [an unconstitutional] policy existed may arise from circumstantial proof, such as evidence that the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction." *Dwares v. City of N.Y.*, 985 F.2d 94, 100 (2d Cir. 1993) (internal quotation marks and citations omitted), *overruled on other grounds by Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993)). "But '[t]he mere assertion … that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference.'" *Montero v. City of Yonkers, N.Y.*, 890 F.3d 386, 403–04 (2d Cir. 2018) (quoting *Dwares*, 985 F.2d at 100). "Similarly, the simple recitation that there was a failure to train municipal employees does not suffice to allege that a municipal custom or policy caused the plaintiff's injury." *Dwares*, 985 F.2d at 100.

In this case, Hamm's pleading is insufficient to state a claim on which relief may be granted. First, the only defendant named in the complaint – the NYPD – is a "non-suable agency" of the City of New York. *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (citation omitted). Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the

4

name of the city of New York and not in that of any agency, except where otherwise provided by law." Accordingly, "any claims against the NYPD should be brought against the City of New York." *Powell v. New York City Police Dep't*, No. 18-CV-332 (RPK) (RLM), 2020 WL 5116233, at *3 (E.D.N.Y. Aug. 31, 2020) (citing *Walston v. City of New York*, 289 F. Supp. 3d 398, 402 n.1 (E.D.N.Y. 2018), *aff'd*, 754 F. App'x 65 (2d Cir. 2019)).

The Court cannot construe the *pro se* complaint as being brought against the City of New York because the pleading is insufficient to state a claim for municipal liability. It does not allege that Hamm's many arrests are the result of an unconstitutional "policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the City's] officers." *See Ceparano*, 485 F. App'x at 508 (2d Cir. 2012) (unpublished op.) (quoting *Monell*, 436 U.S. at 690). Moreover, Hamm does not allege facts supporting an inference that his arrests stem from some unconstitutional policy.

In addition, it is unclear whether an action against the City would be timely. In New York, the statute of limitations for § 1983 actions is three years. *Owens v. Okure*, 488 U.S. 235, 251 (1989). Although Hamm was incarcerated on Rikers Island at the time he commenced this action, the complaint states that his most recent arrests were in 2012–2014, more than three years before this action was commenced.

Accordingly, Hamm's complaint is dismissed without prejudice. Since a liberal reading of the complaint gives an indication that a valid claim might be stated, Hamm is granted leave to amend his complaint. *Shomo v. City of New York*, 579 F.3d at 183; *Gomez*, 171 F.3d at 795. That amended complaint must be brought against the City of New York or state actors, such as individual police officers, who are alleged to have been personally involved in violating Hamm's constitutional rights. The amended complaint must set forth factual allegations to support his

claims against all named defendants.   Hamm is advised that an amended complaint does not simply supplement the original complaint.   Rather, it supplants it, completely replacing the original.   Therefore, an amended complaint must contain all the necessary information that was contained in the original complaint.

## CONCLUSION

For the reasons set forth above, Hamm's complaint is dismissed without prejudice pursuant to 28 U.S.C. §§ 19152A(a) and 1915(e)(2)(B).   Hamm shall have 30 days from the date of this Memorandum Order in which to file an amended complaint.   The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order.

If Hamm fails to comply with this Order within the time allowed or fails to cure the deficiencies discussed herein, judgment shall enter dismissing this action.   No summons shall issue at this time and all further proceedings shall be stayed for 30 days.   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.   *See Coppedge v. United States*, 269 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      September 28, 2020

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge